UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
NICHOLAS ZIROGIANNIS, on behalf of the
classes defined herein,

                Plaintiff,              **MEMORANDUM OF
                                                        DECISION AND ORDER**
              -against-             10-cv-4742 (ADS)(ARL)

DREAMBUILDER INVESTMENTS LLC, and
AMERICAN SERVICING AND RECOVERY
GROUP, LLC,

                Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**Kleinman, LLC**
*Attorneys for the plaintiff*
626 RXR Plaza
Uniondale, NY 11556-0626
      By:    Abraham Kleinman, Esq., of Counsel

**Wickham, Bressler, Gordon & Geasa, P.C**
*Attorneys for the defendants*
275 Broad Hollow Road
Suite 111
Melville, NY 11747
      By:    Eric J. Bressler, Esq., of Counsel

**SPATT, District Judge.**

       The plaintiff in this case, Nicholas Zirogiannis, asserts claims against the defendants, Dreambuilder Investments LLC ("Dreambuilder Investments") and American Servicing and Recovery Group, LLC ("ASRG"), pursuant to the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). The defendants now move to dismiss all of

the plaintiff's claims as against ASRG. For the reasons that follow, the Court grants the defendants' motion, without prejudice and with leave to replead.

## I. BACKGROUND

The plaintiff Nicholas Zirogiannis alleges two principal facts in this case. First, he alleges that he owns and primarily resides in a home in Melville, New York. Second, Zirogiannis alleges that, on September 29, 2010, the defendant Dreambuilder Investments sent him a letter on behalf of the defendant ASRG "[seeking] to collect an alleged defaulted residential mortgage loan" (the "September 29 Letter"). (Compl., ¶ 22). The plaintiff does not assert whether the mortgage loan that Dreambuilder Investments sought to collect was secured by his home in Melville, nor does he allege whether any such mortgage even existed or was in fact in default. Nevertheless, the plaintiff attaches the September 29 Letter to his complaint, and maintains that it forms the basis for the defendants' violations of both the TILA and the FDCPA. The Court therefore begins its review by describing the September 29 Letter.

The September 29 Letter is addressed to Zirogiannis, is from Dreambuilder Investments, and begins by stating that "American Servicing and Recovery Group (ASRG) has recently purchased your mortgage and partnered with Dreambuilder Investments, LLC (DBI) to work with homeowners like you." (Compl., Ex. A.) The letter then proceeds to state that the outstanding principal on the plaintiff's mortgage is approximately $155,261.50, and that the plaintiff may choose from a number of payment options to satisfy the debt. The letter does not identify the residence secured by the mortgage. The letter also does not communicate that the plaintiff may dispute this debt, or that Dreambuilder Investments would respond to such a dispute by

providing verification of the debt. In addition, attached to the September 29 Letter was a second document from Dreambuilder Investments, also dated September 29, 2010 (the "September 29 Notice"). This document, which bears the heading "Mortgage Loan Transfer Disclosure Notice", states in pertinent part:

> Dear Valued Customer:
>
> Please be advised that the servicing of your mortgage loan or line of credit account (your "account"), that is the right to collect payments from you, has been assigned, transferred or sold to American Servicing and Recovery Group. . . . American Servicing and Recovery Group has partnered with Dreambuilder Investments, LLC to assist in borrower contact efforts.

(Compl., Ex. A.) The September 29 Notice reports that the "Transfer Date" of the plaintiff's loan was July 30, 2010. (Id.)

On October 15, 2010, based on these two documents, the plaintiff commenced the present putative class action against the defendants. The plaintiff's first cause of action is for violation of the TILA, and is asserted against only ASRG. This claim is based on the TILA's requirement that a creditor who acquires a mortgage debt from another creditor must give notice of the transfer to the debtor within thirty days of transfer. According to the plaintiff, ASRG violated the TILA because "[n]o notice purporting to comply with [the TILA] was furnished to plaintiff in connection with the assignment of their [sic] loan to ASRG." (Compl., ¶ 30.)

For his second cause of action, the plaintiff asserts that both ASRG and Dreambuilder Investments violated the FDCPA's requirement that debt collectors provide certain information to consumers when first attempting to collect a debt. Specifically, the plaintiff asserts that the defendants' communication with him on

3

September 29, 2010 was his first contact with the defendants, and that this mailing failed to provide, among other things, notice that he could challenge the defendants' statement of the debt and be provided with validation of that debt.

On January 24, 2011, after the plaintiff had once amended his complaint, the defendants made the present motion to dismiss all of the plaintiff's claims as against ASRG, pursuant to Fed. R. Civ. P. 12(b)(6). With respect to the plaintiff's TILA claim against ASRG, the defendants primarily assert that the plaintiff has not identified with sufficient specificity the alleged deficiencies in the September 29 Letter and Notice. As for the plaintiff's FDCPA cause of action, the defendants maintain that the FDCPA does not apply to ASRG because it is not a "debt collector" under the FDCPA.

## II. DISCUSSION

### A. Legal Standard on a Motion to Dismiss

Under the now well-established Twombly standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Second Circuit has explained that, after Twombly, the Court's inquiry under Rule 12(b)(6) is guided by two principles. Harris v. Mills, 572 F.3d 66 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

"First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions' and 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice.'" Id. (quoting Iqbal, 129 S. Ct. at 1949). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss' and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." Iqbal, 129 S. Ct. at 1950.

## B. As to the Plaintiff's TILA Claim

The plaintiff's TILA claim against ASRG is based on violations of 15 U.S.C. § 1641(g) and 12 C.F.R. § 226.39. Those sections require, with certain exceptions discussed in pertinent part below, that when a new lender takes title to an existing mortgage loan, the lender must, "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party," provide notice to the borrower of:

> (A) the identity, address, telephone number of the new creditor;
>
> (B) the date of transfer;
>
> (C) how to reach an agent or party having authority to act on behalf of the new creditor;
>
> (D) the location of the place where transfer of ownership of the debt is recorded; and
>
> (E) any other relevant information regarding the new creditor.

Section 1641(g). Section 226.39 provides additional details concerning this obligation. Here, the plaintiff asserts—at least in his opposition papers—that the September 29 Letter and Notice were mailed more than thirty days after the transfer of

his loan, and that the letter and notice failed to contain the information required by Sections 1641(g) and 226.39. The plaintiff thus concludes that ASRG has violated the TILA.

In moving to dismiss this claim, the defendants contend that there are two flaws in the plaintiff's pleading. First, the defendants assert that the plaintiff has not specifically identified the inadequacies in the September 29 Notice and Letter, improperly leaving "Defendants and the Court [] to speculate as to [the] alleged existence such deficiencies as may have led to the amended complaint." (Defs.' Mem. L. in Supp. of Mot. to Dis. at 4.) Second, the defendants state that the plaintiff did not allege that the home secured by his mortgage contains "one to four family housing units", 15 U.S.C. § 1602(v), as is required for the TILA to apply.

With respect to the latter of these two bases for dismissal, the Court agrees that the complaint is insufficient, and grants the defendants' motion without prejudice and with leave to replead. Section 1641(g) applies, by its own terms, only to mortgages secured by the "principal dwelling" of a borrower, and the TILA in turn defines "dwelling" as "a residential structure . . . which contains one to four family housing units." 15 U.S.C. §§ 1602(v) & 1641(g)(2). The plaintiff's complaint does not allege facts showing that this definitional requirement is satisfied, and the Court declines to consider the public record evidence that the plaintiff has submitted as a means of curing this deficiency. However, the Court does grant the plaintiff leave to replead to satisfy these requirements, which do not appear to be in genuine dispute.

As for the defendants' general assertion that the plaintiff has not alleged his TILA claim with sufficient specificity, the Court agrees with the defendants in

6

principle. In the Court's view, the most glaring deficiency in the plaintiff's TILA claim is that the plaintiff never alleges that he in fact holds a mortgage on his home, or that this mortgage was transferred to a new lender. Nor does the plaintiff allege *when* any such transfer took place. Rather, at least as plead, the plaintiff's claim is predicated solely on his reception of the September 29 Letter and Notice.

Under the terms of the TILA, the requirements of Sections 1641(g) and 226.39 only apply when a mortgage loan is in fact transferred to a new lender. If such a transfer never happened in this case, then there is no basis for the plaintiff's TILA claim. The plaintiff's failure to allege this predicate act—the transfer of his home loan—is fatal to his complaint.

Nevertheless, the Court finds that, assuming such a transfer is alleged to have taken place thirty or more days before September 29, 2010, the plaintiff's incorporation of the September 29 Letter and Notice into the complaint is sufficient to state a TILA claim. No additional facts need be alleged to explain the basis for the plaintiff's cause of action. The Court therefore grants the defendants' motion to dismiss the plaintiff's TILA claim as insufficiently plead, without prejudice and with leave to replead, consistent with this Order.

**C. As to the Plaintiff's FDCPA Claim**

The plaintiff's FDCPA claim does not suffer from the same fundamental deficiencies as the plaintiff's TILA claim, because, unlike the TILA, the FDCPA is not predicated on the actual existence of a debt. Rather, the FDCPA applies to persons attempting to collect debts, whether they are valid or not. Here, the plaintiff has obviously alleged that there was an attempt to collect a debt.

In this motion, the defendants do not assert that the September 29 Letter and Notice complied with the FDCPA, but only that the FDCPA does not apply to ASRG. The defendants advance two reasons for this conclusion: first, they claim that liability for the contents of the September 29 Letter and Notice is not imputable to ASRG, because this mailing was sent by Dreambuilder Investments alone; and second, they claim that even if the communication were imputable to ASRG, it is exempt from the FDCPA's requirements because it is a "creditor", as that term is defined under the FDCPA.

The Court finds that the first of these reasons for dismissal, namely, that the September 29 Letter and Notice is not imputable to ASRG, is without basis. As noted above, the September 29 Letter states that, "American Servicing and Recovery Group (ASRG) has recently purchased your mortgage and partnered with Dreambuilder Investments, LLC (DBI) to work with homeowners like you," and the September 29 Notice similarly relates that "American Servicing and Recovery Group has partnered with Dreambuilder Investments, LLC to assist in borrower contact efforts." (Compl., Ex. A.) In the Court's view, these are sufficient facts to plausibly support the conclusion that the mailing sent by Dreambuilder Investments was sent on behalf of ASRG, as principal for Dreambuilder Investments. The plaintiff has therefore alleged sufficient facts to show that the contents of the communication could be imputed to ASRG.

The defendants' second and more substantive basis for dismissal is that the FDCPA does not apply to ASRG because, as the holder of the plaintiff's mortgage, it is a "creditor" and not a "debt collector" under the statute. Under the terms of the

FDCPA, "debt collectors" are required to include certain information in the initial communication that they send to a consumer, including a notice that the consumer has the right to contest the debt. 15 U.S.C. § 1692g. A "debt collector" is in turn defined, with certain exceptions not relevant here, as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

In general, courts have held that "debt collectors" must satisfy the obligations of the FDCPA, but that "creditors" are exempt from the statute's requirements. Under the FDCPA, a "creditor" is "any person who offers or extends credit creating a debt or to whom a debt is owed . . . ." 15 U.S.C. § 1692a(4); McKinney v. Cadleway Properties, Inc., 548 F.3d 496, 500 (7th Cir. 2008) ("The FDCPA applies only to 'debt collectors' seeking satisfaction of 'debts' from 'consumers'; it does not apply to 'creditors.'"). Courts have also generally found that a person who acquires a debt after it is in default and then attempts to collect on that debt is a "debt collector", and not a "creditor." See, e.g., McKinney, 548 F.3d at 501 ("the purchaser of a debt in default is a debt collector for purposes of the FDCPA even though it owns the debt and is collecting for itself").

Here, ASRG implicitly concedes that it acquired the plaintiff's mortgage loan after the plaintiff was in default. Nevertheless, ASRG maintains that that it is a creditor and not a debt collector, and that, therefore, the FDCPA does not apply. In support of this conclusion, the defendants rely on a single concurring opinion from the

9

Seventh Circuit's decision in McKinney v. Cadleway Properties, Inc., in which Judge Daniel Manion contested the majority's conclusion that a person collecting on a debt acquired after a default is necessarily a debt collector. Id. at 505–07. The Court does not find the defendants' argument to be persuasive.

First, Judge Manion did not assert in McKinney that a person who obtained a debt after it was in default and then attempted to collect it could not be a debt collector. He only suggested that, under the statute and the Seventh Circuit's precedent, this conclusion was not required. Id. Moreover, while the Second Circuit has not expressly resolved the point, the overwhelming weight of authority both in this circuit and in other circuits confirms the majority opinion in McKinney, namely, that a person who attempts to collect on a debt acquired after default *is* a "debt collector" under the FDCPA. See Ruth v. Triumph Partnerships, 577 F.3d 790, 796 (7th Cir. 2009) ("Where, as here, the party seeking to collect a debt did not originate it but instead acquired it from another party, we have held that the party's status under the FDCPA turns on whether the debt was in default at the time it was acquired."); F.T.C. v. Check Investors, Inc., 502 F.3d 159, 171–74 (3rd Cir. 2007) (finding that a person cannot be both a "creditor" and a "debt collector", and that a person who attempts to collect on a debt after it is in default is a debt collector under the FDCPA); Pacheco v. Joseph McMahon Corp., 698 F. Supp. 2d 291, 295 (D. Conn. 2010) (reaching a similar holding); Dolan v. Fairbanks Capital Corp., No. 03-cv-3285, 2008 WL 4515932, *11 (E.D.N.Y. Sept. 30, 2008) (same); Farber v. NP Funding II L.P., No. 96-cv-4322, 1997 WL 913335, *3 (E.D.N.Y. Dec. 9, 1997) (same); Cirkot v. Diversified Fin. Sys., Inc.,

839 F. Supp. 941, 944–45 (D. Conn. 1993) (same). The Court thus finds that this basis for dismissal is also without merit.

Nevertheless, while the defendants implicitly admit that ASRG acquired the plaintiff's mortgage loan after it was in default, this fact is nowhere alleged in the complaint. Without this allegation, the plaintiff has not stated a basis for treating ASRG as a debt collector under the FDCPA. To be sure, the timing of ASRG's acquiring of the plaintiff's loan does not appear to be in genuine dispute. However, because the plaintiff's complaint in its present form does not state a valid FDCPA claim against ASRG, the court grants the defendants' motion to dismiss the plaintiff's FDCPA claim as against ASRG, without prejudice and with leave to replead what appears to be a non-controversial fact—that ASRG did obtain the plaintiff's loan after it was in default.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the defendants' motion to dismiss the plaintiff's claims as against ASRG is granted, without prejudice to the plaintiff's right to file a second amended complaint in conformance with this Order, within twenty days from the date of this Order.

**SO ORDERED.**

Dated: Central Islip, New York
May 7, 2011

                                           _/s/ Arthur D. Spatt_
                                           ARTHUR D. SPATT
                                           United States District Judge