IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- x
NICHOLAS ZIROGIANNIS                    :
on behalf of plaintiff and the classes         :
defined herein,                                        :
                                                               :    10-cv-4742
                        Plaintiff,                        :
                                                               :
            vs.                                             :    Judge Arthur D. Spatt
                                                               :
                                                               : **SECOND AMENDED COMPLAINT –**
DREAMBUILDER INVESTMENTS LLC;  : **CLASS ACTION**
AMERICAN SERVICING AND                  :
RECOVERY GROUP, LLC;                       :
                                                               :
                        Defendants.                   :
------------------------------------------------------- x

## INTRODUCTION

1.  Plaintiff Nicholas Zirogiannis brings this action to secure redress against improper mortgage servicing and collection practices engaged in by defendants Dreambuilder Investments LLC ("DBI") and American Servicing and Recovery Group, LLC ("ASRG"). Plaintiff alleges violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367, 15 U.S.C. §§1640 (TILA) and 1692k (FDCPA).

3.  Venue in this District is proper because the events at issue occurred here.

1

## PARTIES

### Plaintiff

4. Plaintiff Nicholas Zirogiannis resides in a home, which is his principal residence, and which he owns, in Melville, New York.

### DBI

5. Defendant DBI is a limited liability company chartered under New York law with offices at 30 Wall Street, 6th Floor, New York, NY 10005.

6. Defendant DBI is engaged in the business of acquiring allegedly defaulted residential mortgage loans and attempting to collect them.

7. On information and belief, the principal purpose of DBI's business is debt collection.

8. Defendant DBI states on its web site that "Dreambuilder Investments is a private mortgage investment company which specializes in the acquisition, management and liquidation of defaulted residential mortgages nationwide." (www.dreambuilder.net)

9. Defendant DBI uses the mails and telephone system in conducting its business.

10. On information and belief, DBI acquired more than one mortgage obligation for the purposes of collection during the 12 months preceding the filing of this action.

11. Defendant DBI is a debt collector as defined in the FDCPA.

### ASRG

12. Defendant ASRG is a limited liability company organized under Texas

law with principal offices at 4144 N. Central Expressway, Suite 900, Dallas, TX 75204. It does business in New York. Its registered agent and office is Incorp Services, Inc., One Commerce Plaza, 88 Washington Avenue, Suite 805A, Albany, NY 12210.

13. Defendant ASRG is engaged in the business of acquiring allegedly defaulted residential mortgage loans and attempting to collect them.

14. On information and belief, ASRG acquired more than one mortgage obligation for the purposes of collection during the 12 months preceding the filing of this action.

15. On information and belief, the principal purpose of ASRG's business is debt collection.

16. Defendant ASRG uses the mails and telephone system in conducting its business.

17. Defendant ASRG is a debt collector as defined in the FDCPA.

## FACTS

18. On or about May 20, 2007, plaintiff obtained a residential mortgage loan, secured by his principal dwelling, from National City Bank.

19. On or about September 29, 2010, DBI sent plaintiff, on behalf of ASRG, the document attached as Exhibit A.

20. Exhibit A pertains to the mortgage loan originally plaintiff originally obtained from National City Bank.

21. Exhibit A was the first document plaintiff received from either DBI or ASRG.

22. Exhibit A was sent on behalf of both DBI and ASRG.

3

23. On information and belief, based on its contents, <u>Exhibit A</u> was the first document either DBI or ASRG sent to plaintiff.

24. On information and belief <u>Exhibit A</u> was the only document either DBI or ASRG sent to plaintiff to date.

25. <u>Exhibit A</u> sought to collect an alleged defaulted residential mortgage loan entered into for personal, family or household purposes and not for business purposes.

26. The alleged defaulted residential mortgage loan is secured by Plaintiff's principal dwelling, which is a single family home.

27. ASRG purchased the loan and DBI was attempting to collect it on behalf of ASRG.

28. ASRG purchased the loan thirty or more days prior to September 29, 2010.

29. On information and belief, the first involvement of both ASRG and DBI with the alleged loan was after it was allegedly in default.

## COUNT I – TRUTH IN LENDING ACT

30. Plaintiff incorporates paragraphs 1-29.

31. This claim is against ASRG.

32. The Truth in Lending Act, at 15 U.S.C. §1641(g), requires notice of the transfer of ownership of a residential mortgage loan.

33. Section 1641 (g) provides:

**(g) Notice of new creditor.**

> **(1) In general. In addition to other disclosures required by this title, not later than 30 days after the date on which a mortgage loan is sold**

4

or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including-

> (A) the identity, address, telephone number of the new creditor;
>
> (B) the date of transfer;
>
> (C) how to reach an agent or party having authority to act on behalf of the new creditor;
>
> (D) the location of the place where transfer of ownership of the debt is recorded; and
>
> (E) any other relevant information regarding the new creditor.

(2) Definition. As used in this subsection, the term "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer.

34. Implementing Federal Reserve Board Regulation Z provides, at 12 C.F.R. §226.39:

§ 226.39 Mortgage transfer disclosures.

(a) Scope. The disclosure requirements of this section apply to any covered person except as otherwise provided in this section. For purposes of this section:

> (1) A "covered person" means any person, as defined in §226.2(a)(22), that becomes the owner of an existing mortgage loan by acquiring legal title to the debt obligation, whether through a purchase, assignment, or other transfer, and who acquires more than one mortgage loan in any twelve-month period. For purposes of this section, a servicer of a mortgage loan shall not be treated as the owner of the obligation if the servicer holds title to the loan or it is assigned to the servicer solely for the administrative convenience of the servicer in servicing the obligation.
>
> (2) A "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer.

5

(b) Disclosure required. Except as provided in paragraph (c) of this section, any person that becomes a covered person as defined in this section shall mail or deliver the disclosures required by this section to the consumer on or before the 30th calendar day following the acquisition date. If there is more than one covered person, only one disclosure shall be given and the covered persons shall agree among themselves which covered person shall comply with the requirements that this section imposes on any or all of them.

> (1) Acquisition date. For purposes of this section, the date that the covered person acquired the mortgage loan shall be the date of acquisition recognized in the books and records of the acquiring party.
>
> (2) Multiple consumers. If there is more than one consumer liable on the obligation, a covered person may mail or deliver the disclosures to any consumer who is primarily liable. . . .

(d) Content of required disclosures. The disclosures required by this section shall identify the loan that was acquired or transferred and state the following:

> (1) The identity, address, and telephone number of the covered person who owns the mortgage loan. If there is more than one covered person, the information required by this paragraph shall be provided for each of them.
>
> (2) The acquisition date recognized by the covered person.
>
> (3) How to reach an agent or party having authority to act on behalf of the covered person (or persons), which shall identify a person (or persons) authorized to receive legal notices on behalf of the covered person and resolve issues concerning the consumer's payments on the loan. However, no information is required to be provided under this paragraph if the consumer can use the information provided under paragraph (d)(l) of this section for these purposes. If multiple persons are identified under this paragraph, the disclosure shall provide contact information for each and indicate the extent to which the authority of each agent differs. For purposes of this paragraph (d)(3), it is sufficient if the covered person provides only a telephone number provided that the consumer can use the telephone number to obtain the address for the agent or other person identified.
>
> (4) The location where transfer of ownership of the debt to the covered person is recorded. However, if the transfer of ownership has

> not been recorded in public records at the time the disclosure is provided, the covered person complies with this paragraph by stating this fact.
>
> **(e) Optional disclosures. In addition to the information required to be disclosed under paragraph (d) of this section, a covered person may, at its option, provide any other information regarding the transaction.**

35. No notice purporting to comply with 15 U.S.C. §1641(g) or 12 C.F.R. §226.39 was furnished to plaintiff in connection with the assignment of their loan to ASRG.

36. On information and belief, based on the contents of <u>Exhibit A</u>, ASRG regularly fails to provide any such notice. The omission of the notice is therefore part of a pattern and practice of such omissions.

37. ASRG violated TILA, 15 U.S.C. §1641(g), by failing to give notice of a new creditor.

## CLASS ALLEGATIONS

38. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff bring this claim on behalf of a class.

39. The class consists of (a) all natural persons (b) whose residential mortgage loans were acquired by defendant ASRG (c) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action (d) without a notice of transfer of creditor being sent to the person.

40. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

41. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class

members. The predominant common questions are:

    a.     Whether ASRG has a practice of not complying with 15 U.S.C. §1641(g).

    b.     Whether ASRG thereby violated TILA.

42.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

43.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and class action cases.

44.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

    (1)     Statutory damages;

    (2)     A declaration that <u>Exhibit A</u> violates TILA;

    (3)     Attorney's fees, litigation expenses and costs of suit;

    (4)     Such other or further relief as the Court deems proper.

### COUNT II – FDCPA

45.     Plaintiff incorporates paragraphs 1-29.

46.     This claim is against both defendants.

47.     <u>Exhibit A</u> does not contain the notices required by 15 U.S.C. §1692g.

48.     No other document sent within five days thereafter contained such notices.

49.     Defendants thereby violated 15 U.S.C. §1692g.

50. Section 1692g provides:

§ 1692g. Validation of debts

(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow

or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

(e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

## CLASS ALLEGATIONS

51. Pursuant to Fed. R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.

52. The class consists of (a) all natural persons (b) sent a document in the form represented by Exhibit A (c) on or after October 15, 2009 and on or before a November 4, 2010.

53. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

54. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violated the FDCPA.

55. Plaintiff's claim is typical of the claims of the class members. All are

based on the same factual and legal theories.

56. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit, debt collection abuse, and class action cases.

57. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

(1) Statutory damages;

(2) A declaration that <u>Exhibit A</u> violates the FDCPA;

(3) Attorney's fees, litigation expenses and costs of suit;

(4) Such other or further relief as the Court deems proper.

                                                Abraham Kleinman (AK-6300)

Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York 11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

_____
Abraham Kleinman

# Exhibit A



September 29, 2010

NICHOLAS ZIROGIANNIS

Re: DBI LOAN #:

Dear Nicholas Zirogiannis,

## IF YOU ARE ACTIVELY IN BANKRUPTCY, PLEASE DISREGARD THIS NOTICE.

American Servicing and Recovery Group (ASRG) has recently purchased your mortgage and partnered with Dreambuilder Investments, LLC (DBI) to work with homeowners like you. Dreambuilder Investments designs custom solutions to help borrowers work though financial challenges and either stay in their homes or get a fresh start.

DBI is committed to helping its borrowers during these difficult times. One of the ways we do this is by allowing our borrowers to pay off their loans at substantial discounts. We're able to do this because we purchased your loan at a discount. This allows us to extend part of that discount to you. We can then use that discount to help you pay off your mortgage and stay in your home or design another customized solution that would fit your unique needs.

Our records indicate that the amount owed on your loan is APPROXIMATELY $155,261.50. This is an estimate only and the actual amount due may be significantly higher.

Dreambuilder Investments is willing to offer you one of the following options:

### Discounted Settlement:
One-time payment in the amount of $124,209.20 that will completely payoff and satisfy your loan. Payment must be received by October 25, 2010 to be eligible for this opportunity.

### 90-Day Settlement Plan:
Three monthly payments of $46,578.45(Total: $139,735.35) that will completely payoff and satisfy your loan. The first payment must be received no later than October 25, 2010 and the full amount must be received no later than December 26, 2010.

### Refinance Assistance Program
Assistance in refinancing and paying off your current loans. Subject to eligibility.

### Customized Payment Plan
Customized payment plan to suit your unique situation. In order to implement such a plan, it is critical that you contact us as soon as possible. We cannot help you if we do not understand your financial situation.

Redacted



### Fresh Start Program

Enrollment in DBI's Seller Assistance or Property Purchase Programs. Dreambuilder Investments has helped hundreds of homeowners get out from under the weight of negative equity (owing more than your home is worth) and move on with their lives. In many cases, the best decision is remove the burden of high mortgage payments and get a fresh start. That decision can be difficult and is made even harder when you consider the time and energy involved with selling your property. DBI works directly with your senior lien holder, realtors and attorneys to assist you in selling your home and paying off your debt. Additionally, in some cases, we are able to purchase your home directly for what is currently owed regardless of what it is worth. Either way, our goal is to give you a fresh start and resolve your current situation in a way that is a win for all parties.

All of DBI's options are designed with you, the borrower in mind. Because we are a small company, you are not just a number to us. Since DBI purchased your loan at a discount, we can be flexible and create a solution that works for you. The key is Communication! If you do not talk to us, we cannot help you. No one will force you to do something that is not in your best interest. If you are uncertain or concerned, please contact us or have your attorney contact us and we can provide you any documentation you need.

Our goal is to help you move forward with hope instead of continuing to worry about tomorrow.

If you are currently in Bankruptcy, please disregard this notice or have your bankruptcy attorney contact us so that we may work out an amicable solution with your attorney.

If you believe you are no longer responsible for this lien, please fill out the attached form so that we may review your file and update our records.

Thank you and we look forward to hearing from you.

Sincerely,

DBI Borrower Assistance Team



## CONTACT US

If you are interested in taking advantage of this offer please contact us by:

A) Completing the attached form and
   - Faxing it to: 212-202-5195

   - Mailing it to: 30 Wall Street – 6th Floor
     New York NY 10005

B) Going to www.dreambuilder.net/homeowner.html and clicking on the link to the form.

C) Calling us at any time at 866-561-5600 and leaving a message

We look forward to hearing from you!

Dreambuilder Investments, LLC
30 Wall Street – 6th Floor
New York, NY 10005
Fax Number: 212-202-5195
Phone: 866-561-5600

## INSUFFICIENT PAYOFF FUNDS

Any payoff funds received by Dreambuilder Investments, LLC for an amount less than that required to settle the account in full, except in West Virginia, will be applied first to any loan payments delinquent or due, accrued interest, recoverable advances and fees. Any remaining funds will be applied to the principal balance of the account. The funds will be applied effective the day the payoff funds are received by Dreambuilder Investments, LLC. The account will not be considered paid in full even if the negotiable instrument received contains or is accompanied by language asserting such. By accepting a negotiable instrument, Dreambuilder Investments, LLC does not revoke its legal claim for all outstanding amounts due on the account. Interest will continue to accrue on the principal balance remaining on the account until the entire outstanding amount is paid in full.

In the case of insufficient funds, the issuer of the instrument will be contacted for any remaining amount due and now payable. Written authorization is required to credit a positive escrow balance to the payoff amount.

For accounts secured by property in the state of West Virginia: if the negotiable instrument is for an amount less than what is required to pay the account in full, the issuer will be contacted prior to the application of the instrument to the account.

# American Servicing and Recovery Group, LLC
## Privacy Statement

### Important Information About Your Financial Privacy Rights
Protecting the privacy of your non-public, personal customer information is very important to us. This Privacy Statement is provided to you to help you understand what information we collect about you, how we protect your information internally, how your information is shared with certain affiliates and non-affiliated third parties, and how your choices regarding the use of your personal information are applied.
This statement applies to current and former customers of American Servicing and Recovery Group, LLC.

### Collecting Information About You
We collect information about you from a variety of sources, including:
- Information that you provide on applications, payments, or other forms (such as your name, address, and telephone number);
- Information about your transactions with us, our affiliates, or others (such as your account balances and payment history);
- Information we receive from third parties, such as consumer reporting agencies or prior servicers, to verify information that you provided to us; and
- Other general information we collect about you not related to a request for a particular financial product or service (such as demographic information).

### Keeping Your Information Secure
We restrict access to your information to those employees who need the information to provide products or services to you or to otherwise perform their job functions. Our information security policies govern access to information, retention of information, and protection of information. We maintain physical, technological, and procedural safeguards that comply with federal standards to guard your information.

### Maintaining Accurate Information About You
At American Servicing and Recovery Group, LLC, we strive to keep your information complete and accurate. However, we encourage you to review information in your correspondence and to notify us if you believe that your information is incorrect. If you ever find that your information is inaccurate, please write to us at the address listed so that we can correct any erroneous information and update your records accordingly.

### Sharing Information Within American Servicing and Recovery Group, LLC
In order to serve you more efficiently and to inform you of available products and services, we may share your information as permitted by law with affiliated companies that are related to American Servicing and Recovery Group, LLC by common control or ownership including:
- Financial service providers (such as mortgage companies or banks), or
- Non-financial companies (such as technology service providers or direct marketers).

In the course of our business, we maintain information about our customers primarily to enable customers to transact with us and to satisfy regulatory requirements. We believe many customers appreciate receiving offerings of products and services that may be useful to them from time to time. Accordingly, we may share information about you in accordance with the law to meet certain business transactions as applicable and as instructed by you.

### Sharing Information Outside of American Servicing and Recovery Group, LLC
In order to offer products and services that may be of interest to you and unless otherwise directed by you, we may disclose your information to non-affiliated third parties including:
- Financial service providers (such as insurance companies or companies offering financial products or services), or
- Non-financial companies (such as technology service providers, marketing companies, or retailers).

As permitted by law, we may disclose information about you to companies that perform other services on our behalf. In addition, we may disclose information, as required by law, to administer, effect and enforce certain business transactions. We provide only the information that is necessary for the third party to perform these services. When we share your information, we take measures to restrict these third parties to use the information about you only as necessary to perform the services for us and to treat the information with the same degree of confidentiality as us.

### Sharing Information for Marketing Purposes
In order to offer products and services that may be of interest to you, we may disclose your information to non-affiliated third parties with whom we have a joint agreement including:
- Financial service providers (such as insurance companies or companies offering financial products or services), or
- Non-financial companies (such as technology service providers, marketing companies, or retailers).

These nonaffiliated third parties may market products and services of American Servicing and Recovery Group, LLC or products and services marketed jointly by American Servicing and Recovery Group, LLC and other third parties. In any of these arrangements, we take measures to contractually restrict usage of your information to the extent necessary to perform the services and as required under applicable laws.

### Respecting Your Choices
American Servicing and Recovery Group, LLC respects your privacy and honors your choices regarding your information. If you want us to continue sharing your information as permitted by law, it is not necessary to return the attached Election Form. If you want to limit the sharing of your information, you have the following choices to consider:
Check Choice #1. If you DO NOT want us to share your information with non-affiliates, except as otherwise permitted by law. Check Choice #2. If you DO NOT want us to share your information with our affiliated companies, except as otherwise permitted by law.
You may select any or all of the above options on the attached Election Form.

### Honoring Your Choices for the Use of Your Personal Information
Your choices indicated on the enclosed opt-out election form will apply to all products and services provided to you by American Servicing and Recovery Group, LLC assuming that you follow the instructions set forth and you include all of the requested information necessary to process your choices on the form. Your choices will apply to any and all parties that have a joint account with you. If you have already submitted an opt out election form to us, you

do not need to send it again unless you want to change or update your choices. If you have not submitted an opt-out election form, please complete the enclosed opt-out election form and send it back to us within thirty (30) days of your receipt of this notice so that we can process your request promptly. The effective date of this policy statement is August 15, 2010, which indicates the last time this policy was revised or materially changed. We retain the right to change the privacy policy statement at any time. Therefore, please note that you may obtain a current copy of our Privacy Statement at any time by writing to us at:

American Servicing and Recovery Group, LLC
P.O. Box 225566 Dallas, TX 75222

As you maintain a customer relationship with us, we will provide our most recent Privacy Statement to you at least annually.

### Honoring Your Choices for the Use of Your Personal Information

American Servicing and Recovery Group, LLC respects your privacy and is committed to treating your non-public, personal information responsibly. We are committed to providing you with superior service and optional products that can improve your quality of life and enrich your experience as a homeowner. Many of these products and services include complementary benefits, discounts, special rates, and convenient payment methods. Making the decision to prohibit sharing of your information may prevent us from sharing your information with our well-respected, carefully screened business partners. Therefore, this choice may limit our ability to inform you of valuable and convenient products and services from our partner companies. As a result, please read the following choices carefully, follow the instructions completely, and check the appropriate boxes which pertain to you personally below. In order for us to fulfill your decision, you must complete all of the information below within the next thirty (30) days upon receipt of this notice, provide your signature, date the form, and mail it separately to us at the following address:

American Servicing and Recovery Group, LLC
P.O. Box 225566 Dallas, TX 75222

### Important Notice for Customers in Texas

American Servicing and Recovery Group, LLC is licensed and examined under the laws of the State of Texas and by state law is subject to regulatory oversight by the Office of Consumer Credit Commissioner. Any consumer wishing to file a complaint should contact the Office of Consumer Credit Commissioner either in person or by mail to: 2601 North Lamar Boulevard, Austin, Texas 78705-4207. Telephone: (800) 538-1579. Facsimile: (512) 936-7610. E-mail: consumer.complaints@occc.state.tx.us. Website: www.occc.state.tx.us.

### Important Information for Customers in Vermont

The information sharing practices described above are in accordance with Federal law. Vermont law places additional limits on sharing information about customers who are residents of Vermont. In accordance with Vermont law, American Servicing and Recovery Group, LLC will not share any information about you except with your prior authorization or as permitted by law.

### Important Information for Customers in California

The information sharing practices described above are in accordance with Federal law. California law places additional limits on sharing information about customers who are residents of California. In accordance with California law, American Servicing and Recovery Group, LLC will not share any information about you except with your prior authorization or as permitted by law. A separate notice is provided to all customers who are residents of California.

## PRIVACY ELECTION FORM

Instructions: Please indicate your choice and mail this form to American Servicing and Recovery Group, LLC, PO Box 225566, Dallas, TX 75222. DO NOT mail this form with your payment. Failure to mail this form separately from your payment may result in delays in processing your payment and invalidate your opt-out request.

Loan Number: _____

Borrower Name: _____ SSN (Last 4 digits): _____

Co-Borrower Name: _____ SSN (Last 4 digits): _____

Street Address: _____ City, State, Zip: _____

☐ Choice #1: I DO NOT want my personal information shared among parties that are not affiliated with American Servicing and Recovery Group, LLC, except as otherwise required or permitted by law.

☐ Choice #2: I DO NOT want my personal information shared with parties affiliated with American Servicing and Recovery Group, LLC, except as otherwise required or permitted by law.

I understand that American Servicing and Recovery Group, LLC is permitted to share certain information with its affiliates to transact certain business initiated by me as explained herein regardless of my elections and that my choices will remain in effect until renewed, revoked and/ or changed by me.

Signature: _____ Date: _____

Signature: _____ Date: _____

*Please allow at least 4 to 6 weeks for processing your request to be effective. For Joint Account Holders: American Servicing and Recovery Group, LLC will implement a single opt-out direction by any one joint account holder identified above as applying to all of the associated joint holders.*



## Borrower Response Form

September 29, 2010

NICHOLAS ZIROGIANNIS

LOAN #:

### Contact Information:

| | | | |
|---|---|---|---|
| Home Phone | _____ | Best Times | _____ |
| Cell Phone | _____ | Best Times | _____ |
| Work Phone | _____ | Best Times | _____ |
| Other Phone | _____ | Best Times | _____ |
| Fax Number | _____ | | |
| Email Address | _____ | | |
| Mailing Address | _____ | | |

### Option Selection

Yes I want to take advantage of your offer and accept the following option:

- ☐ Discounted Settlement (1 Payment of $124,209.20)
- ☐ Settlement Payment Plan (3 Payments of $46,578.45)
- ☐ Refinance Program (Please send me Application)
- ☐ Customized Payment Plan (Please send me Application)
- ☐ Fresh Start Program (Please send me Application)

☐ NO, I am unable to take advantage of your offer, but would like to speak to someone. Please contact me.

☐ Your information is inaccurate. Here's why:

_____

_____

Redacted



30 Wall Street, 6th Floor
New York, NY 10005

NICHOLAS ZIROGIANNIS


September 29, 2010

## MORTGAGE LOAN TRANSFER DISCLOSURE NOTICE

**Mortgage Loan Information**
Date of Loan: 5/20/2007
Original Amount of Loan: $155,000.00

**Property Address:** 

**New Owner Of Your Loan:** American Servicing and Recovery Group

**New Loan Number:** 

**Transfer Date:** 7/30/2010

Redacted

Dear Valued Customer:

Please be advised that the servicing of your mortgage loan or line of credit account (your "account"), that is the right to collect payments from you, has been assigned, transferred or sold to **American Servicing and Recovery Group**. This assignment, sale or transfer of the servicing of your account does not affect any term or condition of the mortgage instruments, other than the terms directly related to the servicing of your account. American Servicing and Recovery Group has partnered with **Dreambuilder Investments, LLC** to assist in borrower contact efforts.

For more information or to send payments please use the following information:

**Contact Center:**
Dreambuilder Investments, LLC
30 Wall Street, 6th Floor, New York, NY, 10005
(866) 561-5600
Monday to Friday, 9:00 am to 5:30 pm (EST)

**Send Payments To:**
Dreambuilder Investments, LLC
P.O. Box 975454, Dallas, TX 75397-5454

This paragraph is a special notice to our customers who have filed a petition for protection under the United States bankruptcy code. Unless you have signed a reaffirmation agreement with American Servicing and Recovery Group, and that agreement has been filed with the bankruptcy court (and not subsequently rescinded or disallowed in accordance with the bankruptcy code), you should disregard all portions of this letter which state or suggest that you still have a personal liability to pay American Servicing and Recovery Group. You may wish to consult with an attorney regarding this letter, your bankruptcy and the ability of American Servicing and Recovery Group to enforce its lien on collateral, if any. If you have obtained a discharge under the bankruptcy code this letter is for informational purposes or to protect our interests in any collateral.